SAMUEL HUNT *vs.* SILAS L. ADAMS.

Cumberland.   March 6, 1889.

*Minor.   Sabbath.   Cancelling contract.*

The plaintiff's minor son was at work for the defendant, under a contract for a specified time.   The defendant persisted in requiring the son to work, on the Sabbath, in violation of law, and notwithstanding the father's protest.

In a suit to recover for the son's services, *Held*, that under these circumstances, as the son was not of age to act for himself, it was not only the right, but the duty of the father, to take his son away.

ON EXCEPTIONS, by defendant to the superior court, for Cumberland county.

The facts are stated in the opinion.

*Frank and Larrabee*, for defendant.

Counsel cited:   *Miller* v. *Goddard,* 34 Maine, 102 ; *Myers* v. *Meinrath*, 101 Mass. 366, 377 ; *Robeson* v. *French*, 12 Met. 24, 25 ; *Towle* v. *Larrabee*, 26 Maine, 464, 469 ; *Plaisted* v. *Palmer*, 63

Id. 576.   Pars. Con., vol. 2, note on p. 761; *Watts* v. *Van Ness,*
1 Hill, 76; *Smith* v. *Wilcox,* 19 Barb. 581.

*W. H. Vinton,* for plaintiff.

DANFORTH, J.   This is an action to recover pay for the services
of the plaintiff's minor son.   The defense is a breach of the con-
tract in leaving the defendant before the expiration of the time
agreed upon.

The action is in the name of the father and no objection is
made on that ground to his maintaining it.   We must assume,
therefore, that he made the contract.   There was as alleged a
breach of it, and the excuse given is that the son was required to
do work on the Sabbath in violation of law.   Was this sufficient
to justify the breach?   Had the contract been for the father's
own labor the argument for the defendant would have been
entitled to much consideration.   He could act for himself and
either have submitted to the wrong or have refused to violate
the law and wait for the defendant to discharge him.   But the
son was a minor and presumed by the law to be lacking in the
discretion necessary to govern and control his own conduct.   It
was his father's duty to look after his welfare and especially to
care for his morals, and to see that he was not only, not compelled
to become a violator of the law, but that he should not be induced
willingly to do so.   We are, therefore, led to the conclusion that
after the defendant had once committed the wrong, and notwith-
standing the objection of the father made known to him, persisted
in that wrong, still requiring the obligations of the law and the
sanctities of the Sabbath to be disregarded, it was not only the
right, but the duty of the father to cancel his contract, and take
his son from such influences and out of such custody; and the
fact, if it be a fact that the son was willing to perform the illegal
labor, as required, made this duty on the part of the father still
more imperative.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ.,
concurred.